IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS ALLEMANI, | ) | |
| | ) | Civil Action No. |
|   Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PRATT INDUSTRIES (U.S.A.), INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
|   Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Dennis Allemani (hereinafter "Plaintiff"), and files this lawsuit against Defendant Pratt Industries (U.S.A.), Inc. (hereinafter "Defendant"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Pratt Industries (U.S.A.), Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 1800-B Sarasota Parkway, Conyers, GA, 30013. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant from 2/1/2002 through 11/17/2011. Starting in 2005, Plaintiff began working as a Dispatcher.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV. Facts

14.

Plaintiff worked for the Defendant within the past three years.

15.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

During Plaintiff's employment as a Dispatcher, Plaintiff's primary duties consisted of dispatching drivers on inbound and outbound freight deliveries.

17.

Plaintiff used a computerized system called TMW to assist him in his daily activities.

18.

The TMW system ranked drivers based on which drivers had the most and least number of hours driving each day.

19.

Based on the information provided by the TMW system, Plaintiff dispatched the drivers the software system ranked as the next driver to dispatch.

20.

Once Plaintiff assigned a driver to each load of freight, he would enter the same data each time, including the order number, name of the company where the driver was to deliver the freight, time due at the destination point, the driver's name, and would then send the information to the driver through the TMW system.

21.

Plaintiff's primary tasks did not require the exercise of discretion and independent judgment.

22.

Since January 6, 2009, Plaintiff makes a good faith estimation that he worked at least 2,532 hours in excess of forty (40) hours per workweek.

23.

Plaintiff makes a good faith estimate that he is owed over $82,000 in overtime compensation for the hours that he worked in excess of forty (40) hours per workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

24.

Defendant has violated FLSA §7, 29 U.S.C. §207 by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

25.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

26.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 10th day of January, 2012.

**BARRETT & FARAHANY, LLP**

/s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Dennis Allemani

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile