**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DENNIS ALLEMANI and :
NATHANIEL BARLOW, JR., :
  :
    Plaintiffs, :
  : CIVIL ACTION NO.
v. : 1:12-CV-0100-RWS
  :
PRATT (CORRUGATED :
LOGISTICS), LLC, :
  :
    Defendant. :

## **ORDER**

In its Order dated June 6, 2014 [87], the Court reserved ruling on the proper method for calculating Plaintiffs' damages, pending further briefing by the Parties. The issue is now fully briefed. After reviewing the record and the Parties' submissions, the Court enters the following Order.

## **Discussion[1]**

Under the Fair Labor Standards Act ("FLSA"), employers must compensate their employees for overtime hours "at a rate not less than one and

---

[1] A complete discussion of the factual background is included in the Court's previous Order [87].

one-half times the regular rate at which [the employees are] employed." 29 U.S.C. § 207(a)(1). The FLSA does not define "regular rate" and the Parties cite *numerous* cases on this point. However, Eleventh Circuit precedent is clear that when an employee is employed "solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the *number of hours which the salary is intended to compensate*." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1268-69 (11th Cir. 2008) (citing 29 C.F.R. § 778.113(a)) (emphasis added); see also Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1311 (11th Cir. 2013) ("The district court properly instructed the jury to calculate Appellees' regular rates of pay using the number of hours their salaries were intended to compensate."). The number of hours an employee's salary is intended to compensate is a factual issue. Rodriguez, 518 F.3d at 1269.

The Parties do not dispute that Plaintiffs were compensated with a fixed salary every two weeks. The Department of Labor's ("DOL") interpretive bulletin on calculating the regular rate of pay for salaried employees states that where the salary covers a period longer than a workweek, the salary "must be

2

reduced to its work-week equivalent." 29 C.F.R. § 778.113(b)[2]. Once the weekly wage is determined, the regular hourly rate of pay, on which time and a half must be paid, is calculated as follows: "by dividing the [weekly] salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a).

The Parties focus their briefing on the "flexible work week" ("FWW") method of determining an employee's regular rate of pay and corresponding overtime premium. As the Eleventh Circuit has noted, the FWW method "is conceptually subsumed within the broader rule" laid out in 29 C.F.R. § 778.113(a). Lamonica, 711 F.3d at 1311. The DOL guidance on the FWW method reads:

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and a salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked

---

[2] To arrive at the weekly wage, "[a] semimonthly salary is translated into its equivalent weekly wage by multiplying by 24 and dividing by 52." 29 C.F.R. § 778.113(b).

3

> each workweek, whatever their number, rather than
> for working 40 hours or some other fixed weekly
> work period, such a salary arrangement is permitted
> by the Act if the amount of the salary is sufficient to
> provide compensation to the employee at a rate not
> less than the applicable minimum wage for every hour
> worked in those workweeks in which the number of
> hours he works is greatest, and if he receive extra
> compensation, in addition to such salary, for all
> overtime hours worked at a rate not less than one-half
> his regular rate of pay.

29 C.F.R. § 778.114(a).

Under the FWW method, "[p]ayment for overtime hours at one-half [the regular] rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement." 29 C.F.R. § 778.114(a). The DOL guidance states, however, that the [FWW] method may not be used unless "the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked." Again, therefore, the analysis depends on the intent and understanding of the Parties with respect to the hours Plaintiffs' salaries were intended to compensate – an inquiry for the fact finder.

4

DOL guidance, which is followed by the Eleventh Circuit, provides examples of the proper method for calculating FLSA overtime damages for a salaried employee. For instance, under the general rule for salaried employees, if an employee receives a weekly salary of $350 and the salary is intended to compensate the employee for 35 hours, the regular rate of pay is $10 per hour. When the employee works overtime, the employee is entitled to $10 per hour for the first 40 hours and $15 (one and one-half times the regular rate) for each hour worked over 40 hours during a single week. 29 C.F.R. § 778.113(a).

If, on the other hand, the fact finder determines that Plaintiffs' fixed salary was intended to compensate whatever hours Plaintiffs worked in a workweek (i.e., not for a fixed number of hours each week), the DOL guidance provides an example for that scenario. If the employee's weekly salary is $600 and during the course of four weeks the employee works 40 hours, 37.5 hours, 50 hours, and then 48 hours, the regular rate of pay is calculated separately for each week. The regular rate for each week is $15, $16, $12, and $12.50, respectively. Since, under the salary arrangement, the employee has received straight time compensation for all hours worked, only the half-time premium is due for overtime hours. Thus, the employee is entitled to $600 for the first two

5

weeks (because no overtime hours were worked), $660 for the third week ($600 plus a $6 premium – half of that week's regular rate of $12 – for the 10 hours worked over 40), and $650 for the fourth week ($600 plus 8 hours at a $6.25 half-time premium). 29 C.F.R. § 778.114(b).

Because Defendant did not maintain records of Plaintiffs' hours each week, the fact finder will be required to evaluate the evidence presented at trial to determine Plaintiffs' overtime hours. Rodriguez, 518 F.3d at 1267. Normally, "[t]he FLSA places upon the employee-plaintiff the burden of proving that he performed work for which he was not properly compensated." Lamonica, 711 F.3d at 1315. "However, if the employer failed to keep time records, . . . that burden is relaxed." Id. Here, Plaintiffs can satisfy their burden by producing sufficient evidence "to show the amount and extent of the [improperly compensated] work as a matter of just and reasonable inference." Id. Then the burden will shift to Defendant to provide evidence "of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from [Plaintiffs'] evidence." Id.

In sum, to perform the calculations described above, the following factual issues must first be resolved by the fact finder: (1) the number of hours intended

6

AO 72A
(Rev.8/82)

to be compensated by Plaintiffs' salary (to establish the regular rate of pay); and (2) the number of hours actually worked by Plaintiffs each week during the relevant time period (to determine the total amount of overtime compensation owed). In addition to reserving ruling on the method for calculating Plaintiffs' unpaid overtime damages, the Court denied summary judgment on Plaintiffs' claim for liquidated damages because the Court could not determine as a matter of law that Defendant acted in good faith when it misclassified Plaintiffs as exempt employees. (Order, [87] at 41 of 42.) Therefore, whether Defendant made the erroneous classification in good faith is another factual issue to be addressed by the fact finder.

## Conclusion

Based on the foregoing, the Court will instruct the fact finder to calculate Plaintiffs' damages based on the Eleventh Circuit and DOL guidance method described in detail above. Having substantially narrowed the remaining issues in this matter, the Court **ORDERS** the Parties to mediation. The Parties may agree on a mediator and inform the Court of their choice within fourteen days of entry of this Order. If the Parties do not identify a mediator within that time,

7

the Court will refer the matter to Chief Magistrate Judge King for assignment to the next available magistrate judge.

**SO ORDERED**, this 18th day of August, 2014.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)