## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between Dennis Allemani ("Allemani") and Pratt (Corrugated Logistics) LLC, including its past and present parents, subsidiaries or affiliates, and their respective past or present predecessors, successors, assigns, representatives, officers, directors, agents and employees (collectively "Pratt"). (Allemani and Pratt are collectively referred to herein as "the parties").

WHEREAS, on January 10, 2012, Allemani filed the lawsuit *Dennis Allemani v. Pratt Industries (U.S.A.), Inc.,* Civil Action No. 1:12-cv-00100-RWS (the "Action"), in the Northern District of Georgia asserting claims under the Fair Labor Standards Act;

WHEREAS, on August 31, 2012, Nathaniel Barlow, Jr. ("Barlow") joined the Action as a plaintiff;

WHEREAS, on March 19, 2013, Pratt (Corrugated Logistics), LLC was substituted as the correct defendant in the Action;

WHEREAS, on October 7, 2014, Plaintiffs filed a Suggestion of Death on the record advising of the death of Barlow and requesting that Natalee Barlow, Representative of the Estate of Nathaniel Barlow, Jr., be substituted for Barlow as plaintiff in the Action;

WHEREAS, on October 8, 2014, the Court approved the requested substitution of Natalee Barlow, Representative of the Estate of Nathaniel Barlow, Jr., as plaintiff in the Action;

WHEREAS, Pratt denies all claims asserted in the Action by Plaintiffs, including each of Allemani's claims asserted in the Action and denies that Allemani is entitled to any relief whatsoever;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of Pratt – such being expressly denied by Pratt – the parties desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes, that have been made or could have been made by or on behalf of Allemani against Pratt relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed; and

WHEREAS, Allemani and Pratt recognize that a bona fide dispute existed as to liability, if any, for attorneys' fees, expenses and costs and that this Agreement represents a bona fide compromise of all claims by Allemani for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the parties.

Page 1 of 8

(DA)                                                                                                           (Pratt)

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **Non-Admission.** This Agreement and compliance with this Agreement shall not be construed as an admission by Pratt of any liability whatsoever, or as an admission by Pratt of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. Pratt specifically disclaims any liability to Allemani or any other person for any alleged violation of the rights of Allemani or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Allemani, or any of Pratt's employees, agents or related companies or employees or agents of the related companies.

2. **Dismissal of Action with Prejudice.** In exchange for the consideration described below, Allemani agrees to dismiss the Action and all claims therein with prejudice. Allemani hereby authorizes his attorneys to execute on his behalf the Joint Motion for Approval of Settlement and Dismissal With Prejudice ("Joint Motion") that is attached to this Agreement as Exhibit A. Upon approval by the U.S. District Court, the Joint Motion will thereby dismiss the Action with prejudice with each party bearing his/its own costs and fees, except as delineated in this Agreement.

3. **Settlement Consideration.**

    a. **Payment to Allemani:** Within the time and in the manner specified in subparagraph (b) below, Pratt will pay to Allemani the gross amount of FIFTY-FOUR THOUSAND NINE HUNDRED DOLLARS ($54,900) (the "Settlement Proceeds") representing payment of all claimed damages to Allemani, and made payable as follows:

    (1) Wage Income. A check in the amount of $27,450.00 for back pay made payable to Dennis Allemani with applicable taxes and other withholdings withheld. Pratt will furnish a W-2 to Allemani including this payment at the appropriate time.

    (2) Non-Wage Income. A check in the amount of $27,450.00 made payable to Dennis Allemani from which no withholdings will be made and for which Pratt will issue an IRS Form 1099 to Allemani designating this payment as "other income";

    (3) Attorneys' Fees and Expenses. Allemani understands and acknowledges that Pratt is issuing to his attorneys, Barrett & Farahany, LLP, one check in the amount of <u>One Hundred Thirty-Two Thousand Three Hundred Eighty-Eight Dollars and Forty-Two Cents ($132,388.42)</u> to resolve all disputed claims for attorneys' fees and costs in connection with the Action. This check will be made


(DA)

(Pratt)

    payable to Barrett & Farahany, LLP, Tax I.D. # 58-2591514. Pratt will issue an IRS Form 1099 to Barrett & Farahany, LLP, for this payment.

    b.    **Timing and Manner of Payment and Conditions Precedent:** Checks making payments under this Agreement to Allemani and Barrett & Farahany, LLP (the "Settlement Checks") will be forwarded to Allemani's counsel, Barrett & Farahany, LLP, within ten (10) business days after the U.S. District Court approves this Agreement and dismisses this case with prejudice.

4.    <u>**Complete Release by Allemani.**</u>

    a.    **Claims Released by Allemani.** Allemani irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Allemani against Pratt or any of the Released Parties listed in Paragraph 4(b) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. However, Allemani is not releasing any Claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released.

    b.    **Released Parties.** The "Released Parties" are Pratt (Corrugated Logistics), LLC, and all of its predecessors, successors, current, future and former parents (including but not limited to Pratt Industries, Inc.), subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subparagraph, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

    c.    **Unknown Claims.** Allemani understands that he is releasing the Released Parties from Released Claims that he may not know about. That is his **<u>knowing and voluntary intent</u>**, even though he recognizes that someday he might learn that some or all of the facts he currently believes to be true are untrue. Nevertheless, Allemani is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Allemani expressly waives all rights he might have under any law that is intended to protect him from waiving unknown claims. Allemani understands the significance of doing so.

    d.    **Ownership of Claims.** Allemani agrees that he has not assigned or transferred any Claim that he purports to release by this Agreement, nor has he attempted to do so. He expressly represents and warrants that he has the full legal authority to enter into this Agreement for himself, and does not require the approval of anyone else.

5.    **Pursuit of Released Claims.** Other than the Action, Allemani represents and warrants that he has not filed or caused to be filed any demand for arbitration, lawsuit, complaint, or charge with respect to any Claim this Release purports to waive, and promises never to file or prosecute any demand for arbitration, lawsuit, or complaint based on any such Claim. Allemani understands that while he is not precluded from filing a charge with an administrative agency, he promises never to seek any damages, remedies, or other relief for himself personally (any right to which he hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any such Claim.

6.    **Agreement not to Be Publicized**: Allemani and Pratt acknowledge and agree that, in order to secure the Court's approval of this Agreement, it must be filed as a public record on the electronic filing system for the United States District Court for the Northern District of Georgia. As a result, this Agreement will be a public record. However, the Parties agree not to publicize this Agreement by, for example, posting the Agreement or its terms on a social media website, publicly posting the terms of this Agreement on any website, or communicating the terms or existence of this agreement to current or former employees of Pratt  Allemani further agrees that, without the express written agreement of Pratt or unless required to do so by law, other than filing this Agreement with the Court to obtain approval, Allemani agrees never to disclose the existence, terms or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to spouses, parents, personal counsel or attorney, personal accountants, or personal tax preparer, if any, and to instruct such individuals not to disclose said information. To the extent required by law or applicable regulation, Allemani may also disclose the provisions of this Agreement to the appropriate taxing authorities or to the Court should enforcement of this Agreement be required. Allemani further agrees that, if questioned about this settlement, this Agreement, the disposition of Claims, or any other information covered by this provision, Allemani will only say: "The matter has been resolved."

7.    **Compelled Testimony.** Allemani agrees that if he is subpoenaed or compelled to testify, or provide a written or oral statement of any kind to anyone regarding his employment with any Released Party, any information he learned during the course of his employment with any Released Party, or any matter relating to the termination of his employment with any Released Party or this Agreement, he will give ten (10) days advance notice (or such notice as is reasonably possible if less than ten (10) days is available) to the Released Parties by submitting written notice by facsimile or certified mail to Lauren H. Zeldin, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Ninety One Peachtree


(DA)

Page 4 of 8

(Pratt)

Tower, 191 Peachtree Street, Suite 4800, Atlanta, GA 30303, (facsimile # 404-870-1732), unless otherwise prohibited by law.

8. **No Future Employment.** Allemani agrees and recognizes that his employment relationship with Pratt has forever ended. Allemani hereby understands and agrees that he will not be re-employed by Pratt or its parent corporations, subsidiaries, divisions and affiliates in the future and that he will never knowingly apply to Pratt or its parent corporations, subsidiaries, divisions and affiliates for any job or position in the future. Allemani agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Pratt, its parent corporations, subsidiaries, divisions or affiliates, the offer may be withdrawn and he may be terminated without notice, cause, or legal recourse.

9. **Mutual Non-disparagement.** Allemani agrees that he will not criticize, denigrate, or disparage any of the Released Parties in any comments or statements he may make at any time after the execution of this Agreement. Likewise, Pratt agrees that it will instruct all management-level personnel to whom Allemani directly reported (and who are still employed with the Company) not to say anything about Allemani except that he is no longer employed by the Company.

10. **Breach.** Allemani acknowledges that if he materially breaches or threatens to materially breach this Agreement, including, but not limited to, Allemani's obligations in the paragraphs pertaining to Confidentiality and Non-Disparagement and/or commences a suit or action or complaint in contravention of this release and waiver of claims, Pratt shall be entitled to all remedies allowed in law or equity. Similarly, Pratt acknowledges that if it materially breaches or threatens to materially breach this Agreement, Allemani shall be entitled to all remedies allowed in law or equity. The non-breaching party may seek injunctive relief to enforce the provisions of this Agreement.

11. **Payment of Applicable Taxes.** Allemani is and shall be solely responsible for all federal, state and local taxes that may be owed by Allemani by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Pratt will be solely responsible for the employer's share of any required taxes. Allemani agrees to indemnify and hold Pratt harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Allemani under this Agreement.

12. **Implementation.** Allemani and Pratt agree to sign any documents and do anything else that is or may be necessary in the future to implement this Agreement.

13. **Interpretation.** This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Allemani or any Released Party. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions

(DA)                                                                                                                              (Pratt)

are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

14. **No Waiver by the Parties**. The waiver by the parties of any provision of this Agreement or a breach of any provision of this Agreement by the parties shall not operate or be construed as a further or continuing waiver of any subsequent breach by the parties.

15. **Choice of Law & Choice of Venue.** The parties agree this Agreement will be governed exclusively by Georgia law. The parties further agree that any actions arising under, or to enforce, this Agreement shall be brought exclusively in the United States District Court for the Northern District of Georgia, provided that, if the United States District Court for the Northern District of Georgia declines to exercise jurisdiction over such action, such action shall be filed in Fulton County Superior Court in Atlanta, Georgia. The parties hereby expressly consent to jurisdiction and venue in Atlanta, Georgia and waive any defenses related to jurisdiction or venue.

16. **Counterparts.** This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, with the same effect as if the parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall not be publicized in accordance with the terms of Paragraph 6 of this Agreement.

17. **Severability**. Except as otherwise provided in this paragraph, if any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court or arbitrator of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement. If Paragraph 2, 3, and/or 4 of this Agreement is deemed invalid or unenforceable, in whole or in part, by a court or arbitrator of competent jurisdiction, this entire Agreement shall be null and void, and any payments made by or on behalf of Pratt under this Agreement shall be repaid immediately.

18. **Entire Agreement**. This Agreement contains the entire agreement and understanding between Allemani and Pratt with respect to its subject matter, and this Agreement supersedes all other agreements between Allemani and Pratt with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Allemani and Pratt.

19. **Knowing and Voluntary Waiver**. Allemani acknowledges and agrees that his waiver of rights under this Agreement is knowing and voluntary. He further acknowledges that he understands the terms of this Agreement; that the payment referred to in this Agreement exceeds that to which he would otherwise have been entitled; that the actual payment is in exchange for his release of the claims referenced in this Agreement; that he has consulted with his attorneys prior to executing this Agreement; that he has consulted with


(DA)

Page 6 of 8

(Pratt)

an attorney in connection with his decision to enter into this Agreement, and that he has been represented by counsel throughout his dealings with Pratt concerning this Agreement.

IN WITNESS WHEREOF the undersigned hereunto set their hands to this Agreement on the dates written below. This Agreement may be signed in single copy, multiple copies, single or multiple signature pages (for example with one party signing one signature page and other parties signing other signature pages), and with original signature, photocopy signature, fax signature, or electronic signature permitted and accepted.

**[SIGNATURES APPEAR ON THE FOLLOWING PAGE]**

(DA)                                                                                                              (Pratt)

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR.

**AGREED AND ACCEPTED:**

Dennis Allemani

Date: 10-30-2014

**AGREED AND ACCEPTED:**

By Pratt (Corrugated Logistics) LLC

By: _____

Title: VP & Secret___

Date: _____

Approved as to form and content, this

30th day of October, 2014.

By: Benjamin A. Stark
Benjamin Stark, Esq.
(Allemani's counsel)


(DA)

Page 8 of 8

(Pratt)

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between Natalee Barlow, Representative of the Estate of Nathaniel Barlow, Jr. ("Estate") and Pratt (Corrugated Logistics) LLC, including its past and present parents, subsidiaries or affiliates, and their respective past or present predecessors, successors, assigns, representatives, officers, directors, agents and employees (collectively "Pratt"). (Estate and Pratt are collectively referred to herein as "the parties").

WHEREAS, on January 10, 2012, Dennis Allemani filed the lawsuit *Dennis Allemani v. Pratt Industries (U.S.A.), Inc.*, Civil Action No. 1:12-cv-00100-RWS (the "Action"), in the Northern District of Georgia asserting claims under the Fair Labor Standards Act;

WHEREAS, on August 31, 2012, Nathaniel Barlow, Jr. ("Barlow") joined the Action as a plaintiff;

WHEREAS, on March 19, 2013, Pratt (Corrugated Logistics), LLC was substituted as the correct defendant in the Action;

WHEREAS, on October 7, 2014, Plaintiffs filed a Suggestion of Death on the record advising of the death of Nathaniel Barlow, Jr., and requesting that Natalee Barlow, Representative of the Estate of Nathaniel Barlow, Jr., be substituted for Barlow as plaintiff in the Action;

WHEREAS, on October 8, 2014, the Court approved the requested substitution of Natalee Barlow, Representative of the Estate of Nathaniel Barlow, Jr., as plaintiff in the Action;

WHEREAS, Pratt denies all claims asserted in the Action by Plaintiffs, including each of Estate's claims asserted in the Action and denies that Estate is entitled to any relief whatsoever;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of Pratt – such being expressly denied by Pratt – the parties desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes, that have been made or could have been made by or on behalf of Estate against Pratt relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed; and

WHEREAS, Estate and Pratt recognize that a bona fide dispute existed as to liability, if any, for attorneys' fees, expenses and costs and that this Agreement represents a bona fide compromise of all claims by Estate for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the parties.

Page 1 of 8

*NSB*
(Estate)

(Pratt)

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **Non-Admission.** This Agreement and compliance with this Agreement shall not be construed as an admission by Pratt of any liability whatsoever, or as an admission by Pratt of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. Pratt specifically disclaims any liability to Estate or any other person for any alleged violation of the rights of Barlow or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Barlow, or any of Pratt's employees, agents or related companies or employees or agents of the related companies.

2. **Dismissal of Action with Prejudice.** In exchange for the consideration described below, Estate agrees to dismiss the Action and all claims therein with prejudice. Estate hereby authorizes its attorneys to execute on its behalf the Joint Motion for Approval of Settlement and Dismissal With Prejudice ("Joint Motion") that is attached to this Agreement as Exhibit A. Upon approval by the U.S. District Court, the Joint Motion will thereby dismiss the Action with prejudice with each party bearing its own costs and fees, except as delineated in this Agreement.

3. **Settlement Consideration.**

    a. **Payment to Estate:** Within the time and in the manner specified in subparagraph (b) below, Pratt will pay to Estate the gross amount of THIRTY NINE THOUSAND NINE HUNDRED DOLLARS ($39,900.00) (the "Settlement Proceeds") representing payment of all claimed damages to Estate, and made payable as follows:

        (1) **Wage Income.** A check in the amount of $19,950.00 for back pay made payable to the Estate of Nathaniel Barlow, Jr., with applicable taxes and other withholdings withheld. Pratt will furnish a W-2 to Estate including this payment at the appropriate time.

        (2) **Non-Wage Income.** A check in the amount of $19,950.00 made payable to the Estate of Nathaniel Barlow, Jr., from which no withholdings will be made and for which Pratt will issue an IRS Form 1099 to Estate designating this payment as "other income";

        (3) **Attorneys' Fees and Expenses.** Estate understands and acknowledges that Pratt is issuing to its attorneys, Barrett & Farahany, LLP, one check in the amount of <u>One Hundred Thirty-Two Thousand Three Hundred Eighty-Eight Dollars and Forty-Two Cents ($132,388.42)</u> to resolve all disputed claims for attorneys' fees and costs in connection with the Action. This check will be

NSB
(Estate)

(Pratt)

        made payable to Barrett & Farahany, LLP, Tax I.D. # 59-2591514. Pratt will issue an IRS Form 1099 to Barrett & Farahany, LLP, for this payment.

    b. **Timing and Manner of Payment and Conditions Precedent:** Checks making payments under this Agreement to Estate and Barrett & Farahany, LLP (the "Settlement Checks") will be forwarded to Estate's counsel, Barrett & Farahany, LLP, within ten (10) business days after the U.S. District Court approves this Agreement and dismisses this case with prejudice.

4. **Complete Release by Estate.**

    a. **Claims Released by Estate.** Estate irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Estate against Pratt or any of the Released Parties listed in Paragraph 4(b) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. However, Estate is not releasing any Claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released.

    b. **Released Parties.** The "Released Parties" are Pratt (Corrugated Logistics), LLC, and all of its predecessors, successors, current, future and former parents (including but not limited to Pratt Industries, Inc.), subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subparagraph, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

    c. **Unknown Claims.** Estate understands that it is releasing the Released Parties from Released Claims that it may not know about. That is Estate's **knowing and voluntary intent**, even though it recognizes that someday it might learn that some or all of the facts it currently believes to be true are untrue. Nevertheless, Estate is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Estate expressly waives all rights it might have under any law that is intended to protect it from waiving unknown claims. Estate understands the significance of doing so.

Page 3 of 8


(Estate)


(Pratt)

      d.    **Ownership of Claims.** Estate agrees that none of the Claims that it purports to release by this Agreement have been assigned or transferred to anyone else, nor has any attempt been made to do so. Estate expressly represents and warrants that it has the full legal authority to enter into this Agreement, and does not require the approval of anyone else.

5.    **Pursuit of Released Claims.** Other than the Action, Estate represents and warrants that it has not filed or caused to be filed any demand for arbitration, lawsuit, complaint, or charge with respect to any Claim this Release purports to waive, and promises never to file or prosecute any demand for arbitration, lawsuit, or complaint. Estate understands that while it is not precluded from filing a charge with an administrative agency, Estate promises never to seek any damages, remedies, or other monetary or personal relief (any right to which it hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any such Claim.

6.    **Agreement not to Be Publicized:** Estate and Pratt acknowledge and agree that, in order to secure the Court's approval of this Agreement, it must be filed as a public record on the electronic filing system for the United States District Court for the Northern District of Georgia. As a result, this Agreement will be a public record. However, the Parties agree not to publicize this Agreement by, for example, posting the Agreement or its terms on a social media website, publicly posting the terms of this Agreement on any website, or communicating the terms or existence of this agreement to current or former employees of Pratt Estate further agrees that, without the express written agreement of Pratt or unless required to do so by law, other than filing this Agreement with the Court to obtain approval, Estate agrees never to disclose the existence, terms or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to spouses, parents, personal counsel or attorney, personal accountants, or personal tax preparer, if any, and to instruct such individuals not to disclose said information. To the extent required by law or applicable regulation, Estate may also disclose the provisions of this Agreement to the appropriate taxing authorities or to the Court should enforcement of this Agreement be required. Estate further agrees that, if questioned about this settlement, this Agreement, the disposition of Claims, or any other information covered by this provision, Estate will only say: "The matter has been resolved."

7.    **Compelled Testimony.** Estate agrees that if it is subpoenaed or compelled to testify, or provide a written or oral statement of any kind to anyone regarding Barlow's employment with any Released Party, any information Barlow learned during the course of his employment with any Released Party, or any matter relating to the termination of Barlow's employment with any Released Party or this Agreement, Estate will give ten (10) days advance notice (or such notice as is reasonably possible if less than ten (10) days is available) to the Released Parties by submitting written notice by facsimile or certified mail to Lauren H. Zeldin, Esq., Ogletree, Deakins, Nash, Smoak & Stewart,


(Estate)

Page 4 of 8

(Pratt)

P.C., One Ninety One Peachtree Tower, 191 Peachtree Street, Suite 4800, Atlanta, GA 30303, (facsimile # 404-870-1732), unless otherwise prohibited by law.

8. **Mutual Non-disparagement.** Estate agrees that it will not criticize, denigrate, or disparage any of the Released Parties in any comments or statements it may make at any time after the execution of this Agreement. Likewise, Pratt agrees that it will instruct all management-level personnel to whom Barlow directly reported (and who are still employed with the Company) not to say anything about Estate except that Barlow is no longer employed by the Company.

9. **Breach.** Estate acknowledges that if it materially breaches or threatens to materially breach this Agreement, including, but not limited to, Estate's obligations in the paragraphs pertaining to Confidentiality and Non-Disparagement and/or commences a suit or action or complaint in contravention of this release and waiver of claims, Pratt shall be entitled to all remedies allowed in law or equity. Similarly, Pratt acknowledges that if it materially breaches or threatens to materially breach this Agreement, Estate shall be entitled to all remedies allowed in law or equity. The non-breaching party may seek injunctive relief to enforce the provisions of this Agreement.

10. **Payment of Applicable Taxes.** Estate is and shall be solely responsible for all federal, state and local taxes that may be owed by Estate by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Pratt will be solely responsible for the employer's share of any required taxes. Estate agrees to indemnify and hold Pratt harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Estate under this Agreement.

11. **Implementation.** Estate and Pratt agree to sign any documents and do anything else that is or may be necessary in the future to implement this Agreement.

12. **Interpretation.** This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Estate or any Released Party. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

13. **No Waiver by the Parties.** The waiver by the parties of any provision of this Agreement or a breach of any provision of this Agreement by the parties shall not operate or be construed as a further or continuing waiver of any subsequent breach by the parties.

14. **Choice of Law & Choice of Venue.** The parties agree this Agreement will be governed exclusively by Georgia law. The parties further agree that any actions arising under, or to


(Estate)

Page 5 of 8


(Pratt)

enforce, this Agreement shall be brought exclusively in the United States District Court for the Northern District of Georgia, provided that, if the United States District Court for the Northern District of Georgia declines to exercise jurisdiction over such action, such action shall be filed in Fulton County Superior Court in Atlanta, Georgia. The parties hereby expressly consent to jurisdiction and venue in Atlanta, Georgia and waive any defenses related to jurisdiction or venue.

15. **Counterparts.** This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, with the same effect as if the parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall not be publicized in accordance with the terms of Paragraph 6 of this Agreement.

16. **Severability.** Except as otherwise provided in this paragraph, if any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court or arbitrator of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement. If Paragraph 2, 3, and/or 4 of this Agreement is deemed invalid or unenforceable, in whole or in part, by a court or arbitrator of competent jurisdiction, this entire Agreement shall be null and void, and any payments made by or on behalf of Pratt under this Agreement shall be repaid immediately.

17. **Entire Agreement.** This Agreement contains the entire agreement and understanding between Estate and Pratt with respect to its subject matter, and this Agreement supersedes all other agreements between Estate and Pratt with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Estate and Pratt.

18. **Knowing and Voluntary Waiver.** Estate acknowledges and agrees that its waiver of rights under this Agreement is knowing and voluntary. Estate further acknowledges that it understands the terms of this Agreement; that the payment referred to in this Agreement exceeds that to which Estate would otherwise have been entitled; that the actual payment is in exchange for Estate's release of the claims referenced in this Agreement; that Estate has consulted with its attorneys prior to executing this Agreement; that Estate has consulted with an attorney in connection with its decision to enter into this Agreement, and that Estate has been represented by counsel throughout its dealings with Pratt concerning this Agreement.

IN WITNESS WHEREOF the undersigned hereunto set their hands to this Agreement on the dates written below. This Agreement may be signed in single copy, multiple copies, single or multiple signature pages (for example with one party signing one signature page and other parties signing other signature pages), and with original signature, photocopy signature, fax signature, or electronic signature permitted and accepted.

**[SIGNATURES APPEAR ON THE FOLLOWING PAGE]**


(Estate)

Page 7 of 8

(Pratt)

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR.

AGREED AND ACCEPTED:

*[signature: Natalee Barlow]*

Natalee Barlow, Representative of the Estate of Nathaniel Barlow, Jr.

Date: 10/30/14

AGREED AND ACCEPTED:

By Pratt (Corrugated Logistics) LLC

By: *[signature]*

Title: VP & Secretary

Date: _____

Approved as to form and content, this 30th day of October, 2014.

By: *[signature: Benjamin A. Stark]*

Benjamin Stark, Esq.
(Estate's counsel)

Page 8 of 8

(Estate)   (Pratt)